IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

OCT - 3 2013

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

RAMON COLMAN,                          §
                                       §
                Petitioner,            §
                                       §
VS.                                    §       NO. 4:13-CV-593-A
                                       §
LEIGHTON ILES, Director,               §
Community Supervision and              §
Corrections Department                 §
Tarrant County, Texas,                 §
                                       §
                Respondent.            §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254 filed by petitioner, Ramon Colman, a state court

probationer, against Leighton Iles, Director of Community

Supervision and Corrections Department of Tarrant County, Texas,

respondent.  After having considered the pleadings, state court

records, and relief sought by petitioner, the court has concluded

that the petition should be dismissed on exhaustion grounds.

### I.  Factual and Procedural History

On September 13, 2010, the trial court found petitioner

guilty of "DWI-MISD REPETITION" in the County Criminal Court

Number Nine of Tarrant County, Texas, and assessed his punishment

at 240 days' confinement, probated for 24 months, a fine and

court costs.[1] (Resp't App. at 1)

In affirming the trial court's order of conviction, the Seventh Court of Appeals set out the factual background of the case as follows:

> On June 7, 2009, Staff Sergeant Douglas Olive was working the entry gate at the Naval Air Station, Joint Reserve Base (JRB), near Fort Worth, Texas. Olive observed a vehicle approaching the entry gate on Pumphrey Street. Pumphrey Street is [a] public street located in Westworth Village, Tarrant County, Texas. Upon stopping the vehicle to ascertain the driver's credentials for entry on the base, Olive smelled a strong odor of an alcoholic beverage emanating from the vehicle. Appellant was identified as the driver of the vehicle.

> Olive requested that appellant step out of the vehicle and, after ascertaining that the smell was coming from appellant as opposed to the interior of the vehicle, directed appellant to have a seat on the curb. As appellant got out of the car and moved to the curb as directed, Olive noticed a slight sway in appellant's walk. The area that appellant was directed to sit in was outside of the entry to the base. Olive notified his supervisor, MA2[FN3] Gabriel Zuniga, and Zuniga requested his communications center to notify the Westworth Village police department. Subsequently, Officer Oscar Mendez of the Westworth Village police arrived and assumed detention of appellant, pending the officer's investigation of appellant for the offense of DWI. Mendez conducted field sobriety tests on appellant and subsequently arrested him for DWI.

> FN3. MA stands for Master at Arms.

---

[1]The trial court's probation order, as well as the courts of appeals' opinions reflect petitioner's name to be "Ramone Coleman."

2

> At trial, appellant's counsel examined both Olive
> and Zuniga extensively about where the DWI incident
> took place.  Both witnesses consistently explained that
> the driving they observed occurred on Pumphrey Street
> prior to the entry gate at the JRB.  Additionally,
> Olive's direct testimony was that, when he asked
> appellant to step out of the car and have a seat on the
> curb, the car and appellant were both outside of the
> boundary line of the base, thus off the federal
> installation.

*Coleman v. State*, No. 07-10-00423-CR, slip op., 2011 WL

3925767,at *1 (Tex. App.–Amarillo Sept. 7, 2011).  Petitioner did

not file a petition for discretionary review in the Texas Court

of Criminal Appeals.  (Pet. at 3)

Petitioner did however file a state habeas application under

Texas Code of Criminal Procedure article 11.072, entitled

"Procedure in Community Supervision Case," challenging his

conviction on one or more of the grounds he now raises, which was

denied by the trial court.  (Resp't App. at 62)  Tex. Code Crim.

Proc. Ann. art. 11.072 (West 2005).  Petitioner attempted to

appeal the denial, but the Second Court of Appeals of Texas

dismissed the appeal as untimely.  *Id*. art. 11.072, § 8; *Ex parte*

*Coleman*, No. 02-13-00183-CR, slip op., 2013 WL 3064515, at *1

(Tex. App.–Fort Worth June 20, 2013).  This federal habeas

petition followed.

## II.  Issues

Petitioner raises the following grounds for relief:

(1)   The trial court lacked jurisdiction over the case
      because the offense was "committed on federal
      property with federal exclusive jurisdiction";

(2)   Officer Mendez had no "arrest authority to make a
      warrantless arrest outside his jurisdiction" on a
      military installation;

(3)   The Memorandum of Agreement (MOA) between NAS JRB
      Fort Worth and Westworth Village (Pet'r Index, Ex.
      G) is a valid contract, establishes authority and
      jurisdiction, and provides that any criminal
      action committed on the military base must be
      resolved in a federal court;

(4)   The state withheld *Brady* material in the form of
      an affidavit by MA Cedric Davis, who was also
      working at the main/front gate entry at the time
      of petitioner's stop and arrest, stating that "the
      guard house building 1304 and 1305 main/front gate
      entry is on federal installation property" (Pet'r
      Index, Ex. E);

(5)   He received ineffective assistance of counsel because
      counsel "failed to take any steps to demonstrate that
      the sentry gate was on federal property and failed to
      get court answer [to] Motions to suppress statements,
      blood tests and the video";

(6)   He is entitled to a new trial because the evidence in
      his post-conviction state habeas action "establish[es]
      beyond a reasonable doubt that the offense occur[red]
      on federal property and the state lack[ed] jurisdiction
      to prosecute";

(7)   There is a "fatal variance between the complaint and
      proof and the state's "evidence fails to prove beyond a
      reasonable doubt that the state has jurisdiction to
      hear and prosecute" his case; and

4

(8)   The evidence is factually insufficient to support his
      conviction.

(Pet., Attach.[2])

### III.   Exhaustion of State Court Remedies

Respondent asserts the petition should be dismissed without

prejudice on exhaustion grounds because petitioner did not

present his claims to the Texas Court of Criminal Appeals.

(Resp't MTD at 4-7) A state prisoner must exhaust all available

state court remedies before he can obtain federal habeas corpus

relief, unless there is no state corrective process or

circumstances exist which render the state corrective process

ineffective to protect the prisoner's rights.   28 U.S.C. §

2254(b) & (c); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir.

1999).   Section 2254(b) and (c) provide in pertinent part:

> (b)(1) An application for a writ of habeas corpus
> on behalf of a person in custody pursuant to the
> judgment of a State court shall not be granted unless
> it appears that —
>> (A) the applicant has exhausted the
>> remedies available in the courts of the
>> State; or
>> (B)(i) there is an absence of available
>> State corrective process; or
>> (ii) circumstances exist that render
>> such process ineffective to protect the
>> rights of the applicant.

---

[2]The attachment is not paginated.

. . .

     (c) An applicant shall not be deemed to have
exhausted the remedies available in the courts of the
State, within the meaning of this section, if he has
the right under the law of the State to raise, by any
available procedure, the question presented.

28 U.S.C. § 2254(b)(1), (c).

The exhaustion requirement is designed to "protect the state
court's role in the enforcement of federal law and prevent the
disruption of state judicial proceedings." *Rose v. Lundy,* 455
U.S. 509, 518 (1982).  In order to exhaust, a petitioner must
"fairly present" all of his claims to the highest state court for
review.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 842-48 (1999);
*Richardson v. Procunier,* 762 F.2d 429, 430-31 (5th Cir. 1985).
In Texas, the Texas Court of Criminal Appeals is the highest
criminal court in the state.  *Richardson,* 762 F.2d at 431.  Thus,
a petitioner may satisfy the exhaustion requirement by raising
his claims in the Texas Court of Criminal Appeals by either a
petition for discretionary review or a state application for
habeas relief.  Petitioner did not file a petition for
discretionary review, thus it was necessary for him to raise his
claims in a state habeas application.

A habeas corpus petitioner, who has been granted community
supervision, may satisfy the exhaustion requirement by presenting

6

both the factual and legal substance of his claims to the state
trial court in an application for a writ of habeas corpus under
article 11.072. TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8.   In
the event the state district court denies the habeas petition,
the petitioner has a right to appeal to the Texas appellate
courts and to petition the Texas Court of Criminal Appeals for
discretionary review.   *Ex parte Villanueva,* 252 S.W.3d 391, 395-
96 (Tex. Crim. App. 2008) (discussing filing, disposition and
appeals of article 11.072 writs).

In the present case, petitioner failed to exhaust state
court remedies available to him by failing to raise his claims in
a petition for discretionary review on direct review and/or a
timely appeal of the trial court's order denying state habeas
relief.[3]   Because there has been no fair presentation of his

---

[3]Petitioner argues that the delay between September 2012,
when he filed his state habeas application, and August 2013, when
the court of appeals issued its mandate, and the fact that he is
near completion of his probation, should excuse exhaustion under
§ 2254(b)(1)(B)(i) or (ii).   This argument is not persuasive.
(Pet'r Reply at 2-4)   First, petitioner raises some claims for
the first time in this federal petition.   Clearly, petitioner
made no effort to exhaust his state court remedies as to those
claims.   Second, the length of time during the pendency of his
state habeas application was not inordinate.   Finally, petitioner
had the opportunity to present his claims to the Texas Court of
Criminal Appeals by way of direct appeal and/or his state habeas
application.   That petitioner failed to take advantage of those
remedies does not render them unavailable or ineffective.

claims to the Texas Court of Criminal Appeals, petitioner's claims are unexhausted.

Under article 11.072 § 9, petitioner would likely be barred by application of the abuse of the writ rule by any successive effort to exhaust state court remedies.   Tex. Code Crim. Proc. Ann. art. 11.072, § 9.   As a result, these claims are barred from consideration by this court under the procedural default doctrine.  *Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim, which would be barred by the Texas abuse of the writ doctrine if raised in a successive state habeas petition, to be procedurally barred).

Federal habeas corpus relief is unavailable in the face of a state procedural default unless the petitioner can show (1) cause for the default and actual prejudice, or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, *i.e.,* that the petitioner is actually innocent of the crime.   28 U.S.C. § 2254(b)(1)(B); *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley v. Johnson*, 243 F.3d 215, 219-20 (5th Cir. 2001).   A petitioner demonstrates cause by showing that his efforts to comply with the state's procedural rules were hampered by "some objective factor external to the defense."

8

*Murray v. Carrier,* 477 U.S. 478, 488 (1986).  On the other hand, a "fundamental miscarriage" implies that a constitutional violation probably caused the conviction of an innocent person. *McCleskey v. Zant,* 499 U.S. 467, 502 (1991).

Petitioner has not given any explanation to excuse his default.  Nor has he demonstrated that failure to consider his claims will result in a miscarriage of justice, *i.e.,* that he is innocent of the crime for which he was charged and convicted. Accordingly, petitioner's claims are procedurally barred from federal habeas review.  *See Coleman*, 501 U.S. at 750-51.  Under these circumstances, the proper action is to dismiss the petition with prejudice.  *Horsley v. Johnson*, 197 F.3d 134, 137-38 (5th Cir. 1999); *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999).

For the reasons discussed herein,

The court ORDERS that respondent's motion to dismiss be, and is hereby, granted to the extent the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice.  The court further ORDERS that all motions not previously ruled upon be, and are hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases

9

in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated that he has exhausted his state court remedies, or circumstances rendering the state remedies ineffective, established cause and prejudice for his procedural default, or made a substantial showing of the denial of a constitutional right.

SIGNED October ___3___, 2013.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE